**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | | |
|---|---|---|
| JAPHETH CHARLES ORR, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CR421-111-07 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Japheth Charles Orr pleaded guilty to a lesser included offense of conspiracy to possess with intent to distribute, and to distribute, a mixture of substances containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2. *See* doc. 603 at 1 (Judgment). He was sentenced to seventy-two months of incarceration and a three-year term of supervised release. *See id.* at 2-3. He did not appeal. *See generally* docket; *see also* doc. 854 at 2. He now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. 854. The Government has moved to dismiss the Motion on several grounds. *See generally* doc. 901. Orr has responded to that Motion. Doc. 932. For the reasons explained below, the

Government's Motion should be **GRANTED**. Doc. 901. Orr's § 2255 Motion should, therefore, be **DISMISSED**. Doc. 854.

Orr has also filed a document titled "Motion to Compel / Writ of Mandamus," which is focused on allegations concerning his counsel's alleged ineffectiveness. *See generally* doc. 1003. He requests "an evidentiary hearing." *Id.* at 5. The Government has responded in opposition, explaining that the allegations are all addressed in its Motion to Dismiss and asserting that "[a]n evidentiary hearing is not warranted." Doc. 1005 at 1-2. Because the Court concludes that Orr's §2255 Motion should be dismissed, an evidentiary hearing is not warranted, and, if the District Judge adopts the dismissal recommendation, his "Motion to Compel / Writ of Mandamus" should be **DENIED**. Doc. 1003; *see, e.g., Rosin v. United States*, 786 F.3d 873, 878 (11th Cir. 2015) ("It is well-settled that the district court is not required to grant an evidentiary hearing when the defendant's claims are affirmatively contradicted by the record evidence, nor is a hearing required if the claims are grounded upon generalizations that are unsupported by the record evidence." (citation omitted)). Orr's second

Motion for Evidentiary Hearing should be **DENIED** for the same reasons. Doc. 1022.

Orr's § 2255 Motion asserts three grounds for relief, although Ground One includes multiple subclaims. *See* doc. 854 at 4-8. Ground One asserts that his attorney, Mr. Arvo Henifin, provided ineffective assistance when he "withheld" discovery, "misinformed' Orr as to the severity of the charges and strength of the Government's case, and failed to object to the calculation of drug weight and the introduction of two prior convictions at sentencing. *See id.* at 13. Ground Two asserts that his prosecution in this Court, as opposed to state court, was vindictive. *See id.* at 14. Ground Three asserts that his guilty plea was "coerced" by his appointed counsel, due to counsel's "pernicious and biased behavior to instill fear with false advice of harsh punishment with the potential of a life sentence being imposed . . . ." *Id.* at 15.

The Government's Motion to Dismiss asserts fatal defects in each of the grounds asserted. *See generally* doc. 901. As to the various assertions of ineffective assertions of ineffective assistance in Ground One, the Government argues that they are insufficiently pleaded, contradicted by the record, and meritless, as Orr fails to allege he

suffered any prejudice from the alleged inadequate performance. *See id.* at 9-13. As to Ground Two, the Government argues that it is procedurally defaulted and Orr has not shown sufficient grounds to excuse the default and, even if it were not defaulted, it fails on its merits. *Id.* at 13-14, 15-17. The Government also argues that the claim in Ground Two is barred by the collateral attack waiver in Orr's plea agreement. *Id.* at 15. Finally, as to Ground Three, the Government argues that Orr's assertion of coercion is contradicted by the record and too "vague, conclusory, speculative, and unsupported." *Id.* at 17. Orr's responses to the Government's Motion are discussed below. *See generally* doc. 932.

## I. Ground One (Ineffective Assistance)

"To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "For performance to be deficient, it must be established that, in light

of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th Cir. 2001). As to the prejudice prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1435 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice." (internal cites and quotations omitted) (emphasis added)); *Williams v. United States*, 2017 WL 9439175, at *8, *8 n. 8 (N.D. Ga. July 24, 2017) (quoting *Gordon v. United States* 518 F.3d 1291, 1298 (11th Cir. 2008)) ("When sentencing error is raised for the first time in § 2255 proceedings as a claim of ineffective assistance of counsel, the alleged error 'must at least satisfy the standard for prejudice that we employ in our review for plain error,'" and recognizing "the burden of showing prejudice (a reasonable probability of a different result) is essentially the same . . ."). The

Government's Motion identifies multiple defects in Orr's assertions of ineffective assistance in Ground One. Doc. 901 at 9-13.

First, the Government points out that Orr's assertion that his counsel "withheld discovery," fails to provide sufficient factual detail to determine whether the conduct was deficient or how, even supposing that it was, he suffered prejudice from it. Doc. 901 at 10. Orr's response to the Motion clarifies his contention that his "counsel failed to disclose or effectively investigate . . . the search warrant stemming from the case in chief." Doc. 932 at 6. In subsequent briefing on his request for an evidentiary hearing, Orr indicates that the "warrant" at issue was, perhaps, the authorization for a wiretap. *See* doc. 1006 at 4. Orr contends, without explanation, that the unspecified search warrant "was unconstitutionally obtained," and evidence resulting from the warrant would have been inadmissible. Doc. 932 at 6-7. He contends, in a wholly conclusory fashion, that had the search warrant's defects been discovered, he would not have pleaded guilty. *Id.* at 7.

As the Government points out, Orr's allegations concerning his discovery-related claim are simply too vague to support relief.[1] In this regard, it is important to recognize that the pleading requirements for habeas relief are "heightened," and require pleading specific facts. *See, e.g., Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011). Even considering the additional information provided in Orr's briefs, *see, e.g., Kelley v. United States*, 2021 WL 4945175, at *4 (S.D. Ga. Sept. 24, 2021) (recognizing propriety of considering additional facts alleged in *pro se* movant's responsive briefs), the claim is still fatally vague and conclusory. Despite Orr's additional allegations, it remains unclear what authorization he contends Henifin failed to challenge; he appears to refer to both a "search warrant," doc. 932 at 6, and an "illegal wiretap," doc. 1006 at 4. Moreover, he never identifies what he contends was defective about that authorization, even supposing that its identity were discernable. Orr's failure to allege the defect is fatal to his ineffective assistance claim. *See, e.g., Martin v. United States*, 2013 WL 12465029,

[1] The Government also points out, reasonably, that Orr's allegation that he did not have an adequate opportunity to review discovery materials is contradicted by his sworn testimony at the Rule 11 hearing. *See* doc. 901 at 11; *see also* doc. 880 at 11. Given that the precise nature of Orr's allegation is not clear, as discussed below, the Court cannot definitively conclude that it is contradicted by Orr's sworn testimony.

at *8 (W.D.N.Y. Oct. 2, 2013) ("bald assertion" that search warrant lacked probable cause basis "is insufficient to demonstrate ineffective assistance of counsel."). Even supposing that those allegations could show that Henifin's performance was deficient, Orr's "simple statement is not sufficient to establish a reasonable probability that he would have insisted on going to trial." *Upshaw v. United States*, 2008 WL 638261, at *4 (M.D. Fla. Mar. 5, 2008); *see also, e.g., Daniels v. United States*, 2016 WL 6246811, at *12 (S.D. Ga. Aug. 29, 2016) ("[C]onclusory statements do not establish prejudice and do not warrant relief."). To the extent that Ground One asserts that Henifin provided ineffective assistance by failing to challenge an unidentified search warrant or wiretap authorization based on unidentified defects in the probable-cause basis for that warrant or authorization, his claim fails.

Orr next asserts that Henifin was ineffective because he "misled [Orr] to believe that the case against him was more severe than it actually was, due to his counsel's inappropriate efforts to instill fear of harsh penalties and sentence." Doc. 854 at 13. That "fear," he contends "coerced" his guilty plea. *Id.* The Government points out that any such claim is belied by Orr's sworn statements, at the Rule 11 hearing, that

no one had threatened or coerced him into pleading guilty. *See* doc. 901 at 11; *see* doc. 880 at 24-25. Moreover, to the extent that Orr contends that Henifin overstated the potential sentence he faced, the District Judge's explanation at the Rule 11 hearing would have rendered any such overstatement harmless. *See* doc. 880 at 14-16; *see also, e.g., Burr v. United States*, 2013 WL 6859006, at *3 (D. Mass. Dec. 27, 2013) ("A defendant cannot demonstrate prejudice caused by an alleged ineffectiveness of counsel . . . where, as here, the Rule 11 colloquy served to cure any ineffectiveness before the plea was accepted[,]" and collecting cases). However, as above, notwithstanding the apparent inconsistency between Orr's allegations and the record, Orr's failure to identify *how* Henifin "misled" him precludes any determination that Henifin's assessment of the Government's evidence and the potential sentence was unreasonable, as opposed to merely mistaken in hindsight. *Cf. United States v. Scurry*, 992 F.3d 1060, 1067 (D.C. Cir. 2021) ("[A] counseled defendant . . . may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel failed the constitutional requirement of effective counsel."). To the extent that Ground One asserts that Henifin provided ineffective assistance for

"misleading" Orr as to the strength of the Government's case, his claim fails.

Orr next asserts that Henifin provided ineffective assistance by failing to object to the inclusion of two prior convictions in his criminal history for sentencing purposes. *See* doc. 854 at 13 (referring to a "simple battery misdemeanor on 9/25/2005 as well as hindering an emergency call also between ten to fifteen years ago"). The Government argues that Orr's assertion of ineffective assistance fails because he does not identify what the basis for excluding either of the prior convictions should have been. *See* doc. 901 at 11-12. The Government also argues, notwithstanding the absence of any allegation that would indicate Henifin's performance was deficient, that Orr fails to allege he suffered any prejudice, as the convictions were within the ten-year period provided under the United States Sentencing Guidelines, *id.* (citing U.S.S.G. § 4A1.2(e)(2)), and "even if the convictions were excluded, Orr still would be a Criminal History Category II," *id.* Orr does not respond to those arguments at all. *See generally* doc. 932. As above, Orr's failure to allege any fact that suggests that Henifin's performance was defective is fatal to his claim. *See, e.g., Cowan v. United States*, 2018 WL 6919887,

at *10 (11th Cir. Sept. 11, 2018) (ineffective assistance claim based on sentencing errors was properly rejected where movant "failed to provide what facts or arguments counsel should have included, and he does not allege that he discussed those additional facts or argument with counsel."). To the extent that Ground One asserts that Henifin provided ineffective assistance for failing to raise an unspecified objection to the inclusion of the two prior convictions in his criminal history, his claim fails.

Orr also asserts that Henifin provided ineffective assistance by failing to object to the drug weight attributed to him at sentencing. Doc. 854 at 13. The Government's Motion to Dismiss points out that Orr's assertion is simply wrong. *See* doc. 901 at 13. Orr's response acknowledges that his counsel "initially objected to the amount of cocaine," but attempts to convert his claim to one that Henifin "rendered constitutionally ineffective assistance by failing to pursue said objection and appeal the same under the guise that there is a major difference when one is convicted of conspiracy versus being sentenced for a conspiracy offense." Doc. 932 at 3. In subsequent filings, Orr also, somewhat vaguely, suggests that Henifin was ineffective for failing to

call a witness at sentencing. *See* doc. 1003 at 2-3. There is simply no assertion in Orr's original Motion that Henifin provided ineffective assistance on appeal or in failing to call the subsequently identified witness. *See* doc. 854 at 13. He cannot amend his claim by an argument in a brief. *See, e.g., Oliveiri v. United States*, 717 F. App'x 966, 967 (11th Cir. 2018). Moreover, the vague assertion about a distinction between "conviction," presumably referring to the guilt phase of the proceedings, and sentencing is simply not sufficient to allege either deficient performance or prejudice. Finally, Orr certified that he decided not to file any appeal, after full discussion with his attorney. *See* doc. 597. Given those facts, the viability of an assertion of ineffective assistance on appeal is dubious, even if Orr had asserted such a claim, which he has not. To the extent that Ground One asserts that Henifin was ineffective because he "did not object to the wrong drug calculations," it fails.

Finally, Orr asserts that Henifin "failed to offer the defendant options that could have refused time, such as the safety valve or home confinement." Doc. 854 at 13. First, the Government argues that Orr has failed to explain "how he would have qualified for safety valve," since "there was no statutory minimum so statutory safety value was

inapplicable, and he could not qualify for guidelines safety valve because he had more than one criminal history point." Doc. 901 at 12. Second, the Government argues that Orr has not shown his counsel was ineffective because he has not explained how there was any possibility the Court would have entertained home confinement as an alternative to incarceration, and, thus, failed to allege prejudice. *See id.* Orr has not responded at all to the Government's arguments. *See generally* doc. 932. Orr's vague references to the "safety valve" and home confinement are not sufficient to assert either that Henifin's performance was deficient or that Orr suffered any prejudice from those issues not having been raised. To the extent that that Ground One asserts that Henifin was ineffective for failing to raise either issue, it, therefore, fails.

For the reasons explained above, the Government is correct that Orr's vague assertions about Henifin's ineffective assistance in Ground One are insufficient. *See* doc. 901 at 9-13. As the Government points out, "a petitioner is not entitled to habeas relief where 'his claims are merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible.'" *Id.* at 10 (quoting *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)). As indicated above, the

various assertions of ineffective assistance comprising Ground One rarely rise beyond conclusory assertions and, when they do, some are belied by the record and the remainder do not plausibly support a viable claim. Therefore, to the extent that the Government moves to dismiss Ground One, its Motion should be **GRANTED**, doc. 901, in part, and Ground One should be **DISMISSED**, doc. 854, in part.

## II. Ground Two (Vindictive Prosecution)

The Government points out that Orr's allegations of vindictive or selective prosecution are procedurally defaulted because he did not raise them on direct appeal. *See* doc. 901 at 13-14. Orr's response does not directly address that argument. *See generally* doc. 932. It is clear that the Government is correct and that Orr has not shown cause or prejudice to excuse the default. *See* doc. 901 at 14.

The Eleventh Circuit has explained, "a 'procedural default' occurs when a defendant raises a new challenge to his conviction or sentence in a § 2255 motion. [Cit.] If a defendant fails to raise an issue on direct appeal, he may not present the issue in a § 2255 proceeding unless his procedural default is excused." *Seabrooks v. United States*, 32 F.4th 1375, 1383-84 (11th Cir. 2022) (citations omitted); *see also McKay v.*

*United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) ("a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." (internal citation and punctuation omitted)). The procedural default rule "'is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.'" *McKay*, 657 F.3d at 1196 (quoting *Massaro v. United States*, 538 U.S. 500, 504 (2003)).

"To overcome a procedural default, a defendant must show either (1) cause and prejudice, or (2) a miscarriage of justice, or actual innocence." *Seabrooks*, 32 F.4th at 1384 (citation omitted). More specifically, a defendant can overcome "application of the procedural default bar by 'show[ing] cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error.'" *McKay*, 657 F.3d at 1196 (quoting *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (alteration and emphasis in original)). To show cause to excuse procedural default, a defendant must show that "some objective factor external to the defense prevented [the defendant] or his counsel from

raising his claims on direct appeal and that this factor cannot be fairly attributable to [the defendant's] own conduct." *Lynn*, 365 F.3d at 1235. The movant bears the burden of showing cause and prejudice to excuse a procedural default. *See Hill v. United States*, 569 F. App'x 646, 647 (11th Cir. 2014) (citing *Sullivan v. Wainwright*, 695 F.2d 1306, 1310 (11th Cir. 1983)).

Given that Orr did not appeal his conviction, he clearly did not raise any claim of vindictive or selective prosecution. As the Government points out, the Eleventh Circuit has expressly acknowledged that such a claim is procedurally defaulted. *See* doc. 901 at 13 (citing *Harris v. United States*, 2017 WL 4864740, at *1 (11th Cir. Feb. 28, 2017)). Given that it is clear that Orr's vindictive prosecution claim is procedurally defaulted, he bears the burden of showing cause and prejudice to excuse that default. His failure to address those issues at all is obviously insufficient to bear that burden. Even if he did address them, however, it does not appear that he could show prejudice. First, "vindictive prosecution," and "selective prosecution," are distinct theories. *See United States v. Brown*, 862 F. Supp. 2d 1276, 1284-85 (N.D. Ala. 2012). Both of the cases that Orr cites involved selective prosecution. *See* doc.

854 at 14 (citing *United States v. Armstrong*, 517 U.S. 456 (1996); *United States v. Smith*, 231 F.3d 800 (11th Cir. 2000)). Among other things, such a claim requires showing that "similarly situated individuals," outside of the defendant's protected class, were not prosecuted. *See, e.g., Armstrong*, 517 U.S. at 464-65. Orr does not even allege that he is a member of any protected class, much less that the defendants whose cases remained in the state court were not members of that class. *See* doc. 854 at 14. Notwithstanding Orr's silence on his procedural default of Ground Two, therefore, the lack of any discernable basis for his selective prosecution claim indicates that he could not have suffered prejudice to excuse it.

The Government also argues, in the alternative, that Ground Two is barred by the collateral attack waiver in Orr's plea agreement. *See* doc. 901 at 15. Orr's response to that argument states, unedited and in full: "A collateral attack waiver cannot run afoul with a Movant advancing clear claims of ineffective assistance of counsel." Doc. 932 at 8. The Government is correct that the collateral attack waiver in Orr's plea agreement bars his claims.

Orr's plea agreement contained a collateral attack waiver that stated, "Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion. The only exception is that Defendant may collaterally attack his conviction and sentence based on a claim of ineffective assistance of counsel." Doc. 502 at 10. It is well-settled that waiver of appeal[2] and collateral attack provisions contained in a plea agreement are enforceable if the waivers are knowing and voluntary. *United States v. Johnson*, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing *United States v. Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001)). "To establish the waiver's validity, the government must show *either* that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." *United States v. Mottola*, 394 F. App'x 567, 568 (11th Cir. 2010) (quoting *United States v. Benitez–Zapata*, 131 F.3d 1444, 1446

[2] "Appeal" refers to the right to appeal or contest, directly or collaterally, a sentence. *United States v. Bushert*, 997 F.2d 1343, 1350 & n. 17 (11th Cir. 1993). Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. *Vaca-Ortiz v. United States*, 320 F. Supp. 2d 1362, 1365–67 (N.D. Ga. 2004).

(11th Cir. 1997)). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues—indeed, it includes a waiver of the right to appeal blatant error." *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999). "Waiver would be nearly meaningless if it included only those appeals that border on the frivolous." *Brown v. United States*, 256 F. App'x 258, 261–62 (11th Cir. 2007).

It is clear that the District Judge discussed the waiver with Orr at the Rule 11 hearing. *See* doc. 880 at 23-24. Orr stated that he understood the waivers. *See id.* Moreover, to the extent that Orr asserts ineffective assistance of counsel, as discussed above, none of his allegations implicate the validity of his guilty plea. Orr's filings indicate that his allegations of Henifin's ineffectiveness concern his sentencing proceedings, not the validity of his guilty plea. *See* doc. 1003 at 2. The collateral attack waiver in Orr's plea agreement, therefore, provides an independently sufficient basis to dismiss Ground Two.

Finally, the Government argues that Ground Two "is vague, conclusory, and speculative." Doc. 901 at 15-17. The Government points out that Orr's allegation that some defendants, including his sixteen co-

defendants in this case, were prosecuted federally while other, unidentified defendants were prosecuted in state court, does not identify any constitutional violation in those prosecutorial choices. *Id.* at 15-16. The Government points out that claims of selective or vindictive prosecution require a showing that the prosecutor had a "constitutionally impermissible motive," *id.* at 16 (parenthetically quoting *United States v. Lamberti*, 847 F.2d 1531, 1535 (11th Cir. 1988)), and Orr has not even alleged such a motive. *See* doc. 854 at 14; *see generally* docs. 932, 1003 & 1006.

Since Ground Two is procedurally defaulted, and Orr has not borne his burden to excuse the default, it is barred by the collateral attack waiver in Orr's plea agreement, and fails on its merits, the Government's Motion to Dismiss should be **GRANTED**, doc. 901, in part, and Ground Two should be **DISMISSED**, doc. 854, in part.

### III. Ground Three (Coerced Plea)

In Ground Three, Orr asserts, without explanation, that Henifin had a "partial agenda to obtain a guilty plea and conviction for the Government." Doc. 854 at 15. He refers to "pernicious and biased behavior," and, again, refers to Henifin's alleged overestimation of the

strength of the Government's case and the severity of the sentence Orr faced. *Id.* He alleges that, as a result, his "guilty plea was induced by fear." *Id.* The Government moves to dismiss because the claims "are vague, conclusory, speculative, and unsupported by the record." Doc. 901 at 17. Orr's response to the Motion does not respond to the Government's characterization at all. *See generally* doc. 932.

Stretching the limits of charitable construction, Orr's conclusory assertion about Henifin's "partial agenda," asserts that he provided ineffective assistance due to a conflict of interest. So construed, however, his claim is woefully deficient. As the Eleventh Circuit has summarized: "To obtain relief on a claim of ineffective assistance of counsel based on conflict of interest, a defendant must show, first, that his attorney had an actual conflict of interest, and second, that the conflict adversely affected counsel's performance." *Rodriguez v. United States*, 2023 WL 5203035, at *3 (11th Cir. Aug. 14, 2023) (citing *Pegg v. United States*, 253 F.3d 1274, 1277 (11th Cir. 2001)). Showing an "adverse effect" requires: "(a) that the defense attorney could have pursued a plausible alternative strategy, (b) that this alternative strategy was reasonable, and (c) that the alternative strategy was not followed because it conflicted with the

attorney's external loyalties." *Id.* (quoting *Reynolds v. Chapman*, 253 F.3d 1337, 1343 (11th Cir. 2001) (internal quotation marks omitted)). When a guilty plea is involved, the Court "looks at whether the attorney's actual conflict affected the defendant's decision to plead guilty." *Pegg*, 253 F.3d at 1278. Orr's conclusory accusation does not allege any "actual conflict of interest," and, even if it did, he does not point to any "adverse effect." As explained above, even if Henifin overestimated the Government's case and Orr's sentencing exposure, there is no allegation that it resulted from any "external loyalties."

To the extent that Orr asserts that the "adverse effect" was his guilty plea itself, his assertion is entirely inconsistent with the record. As discussed above, Orr's allegations concerning Henifin's alleged ineffective assistance are insufficient to show either that his performance was deficient or that Orr suffered any prejudice, given the District Judge's Rule 11 colloquy. His claim here, to the extent that it is distinct from the assertion of ineffective assistance in Ground One, fares no better. The Court notes, again, that the District Judge expressly advised Orr that no one "made any promises or guarantees . . . about what sentence [Orr would] receive," and that "if [Orr] plead guilty, [the District

Judge] can sentence [him] to the maximum allowed by law . . . ." Doc. 880 at 15. The District Judge also advised Orr that if he imposed "a sentence that's more harsh than the sentence [Orr] thought [he] was going to get or if [his] guideline range comes back higher than [he] thought it was going to be, that would not be grounds for withdrawing [the] guilty plea." *Id.* at 16. Orr confirmed he understood. *Id.* at 15-16. That testimony is simply inconsistent with his Motion's vague allegation that his guilty plea "was induced by fear." Doc. 854 at 15.[3] The Government is, therefore, correct that Ground Three is meritless. Its Motion should, therefore, be **GRANTED**, doc. 901, in part, and Ground Three should be **DISMISSED**, doc. 854, in part.

Since the Government is correct that none of the conduct alleged is sufficient to support the allegation that Orr's counsel provided ineffective assistance; his vindictive prosecution claim is procedurally defaulted,

---

[3] Orr's subsequent filings do not identify any basis to conclude that his guilty plea was "coerced." He makes clear that he contends that his counsel provided ineffective assistance at sentencing. Doc. 1003 at 2. He does not contend that, but for any alleged ineffective assistance, he would not have pleaded guilty. He alleges that, but for counsel's alleged ineffectiveness, "there is a reasonable probability that Mr. Orr would have received a lesser sentence," and suffered fewer consequences of the sentence he did receive. *Id.* at 4; *see also id.* at 4-5. Although, as noted above, Orr's subsequent filings cannot alter the claims he pleaded in his Motion, the lack of any attempt to clarify his substantially conclusory allegation in Ground Three that his plea was "coerced" emphasizes the extent to which that Ground, as originally asserted, is fatally vague.

barred by his collateral-attack waiver, and impermissibly vague; and his coerced plea claim is impermissibly vague, its Motion to Dismiss should be **GRANTED**, doc. 901, and Orr's § 2255 Motion should be **DISMISSED**, doc. 854. Civil action CV423-176 should be **DISMISSED** in its entirety. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The

district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 1st day of September, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA